UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SANDOZ, LLC,

                 Plaintiff,                             **ORDER**

          -against-                        20 Civ. 6943 (NSR) (AEK)

MEDWIZ SOLUTIONS, LLC, *et al.*,

                 Defendants.
--------------------------------------------------------------X

MEDWIZ SOLUTIONS, LLC, *et al.*,

                 Third-Party Plaintiffs,

          -against-

FEDEX SUPPLY CHAIN, INC.,
f/k/a GENCO DISTRIBUTION SYSTEM, INC.

                 Third-Party Defendant.
--------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Currently before the Court is a motion by Plaintiff Sandoz, Inc. ("Sandoz") for entry of a protective order. Sandoz's proposed protective order originally was filed with the Court as an attachment to a letter motion submitted on April 11, 2022 (ECF Nos. 38, 38-1), and was then re-filed as a separate standalone motion on April 21, 2022 (ECF No. 41). Thereafter, counsel for Sandoz contacted the Court to request that the Court refrain from ruling on either of these applications so that Sandoz could submit a further revised proposed protective order, which it did on May 11, 2022 (ECF No. 42-1). Sandoz, and Third-Party Defendant FedEx Supply Chain, Inc. ("FedEx Supply Chain"), are in agreement on the contents of the proposed protective order at ECF No. 42-1. Defendants/Third-Party Plaintiffs Medwiz Solutions LLC, Blanche Reiss, and Batya Gorelick (collectively "Medwiz") object to the proposed protective order to the extent it

permits documents designated as "For Attorneys' or Experts' Eyes Only" to be shared with in-house counsel.  *See* ECF Nos. 40, 42.

Paragraph 8(f)(a)(i) of the proposed protective order would permit documents designated as "For Attorneys' or Experts' Eyes Only" to be shared with "[c]ounsel for the party, and in-house counsel for either party, and their respective staff."  *See* ECF No. 42-1.  In contrast, Medwiz proposes that disclosure of such documents be limited to counsel for the parties and their staff, and not to in-house counsel, because Medwiz believes "it is improper for in-house counsel to view such documents, as in-house counsel is often involved in business decisions for a company and, thus, the purpose of the [Attorneys' Eyes Only] designation would be defeated by permitting such a disclosure."  ECF No. 40 at 1.  Medwiz notes that it is not currently aware of any documents that it intends to designate as for attorneys' or experts' eyes only, and also acknowledges that "the parties are not necessarily competitors," and that "disclosure of any such documents [may not] have a deleterious effect on competition."  *Id.*  In other words, Medwiz leaves open the real possibility that in the event that documents are designated as for attorneys' or experts' eyes only, Medwiz may not even have an objection to allowing in-house counsel to review those documents.  Yet out of an abundance of caution, Medwiz proposes that instead of a blanket provision that automatically allows the sharing of such documents with in-house counsel, the parties be required to meet and confer about any documents designated as for attorneys' or experts' eyes only to assess whether it is appropriate for such documents to be made available to in-house counsel.

The compromise solution proposed by Medwiz is a sensible and appropriate approach to this issue.  To the extent documents require the extra-sensitive designation of "For Attorneys' or Experts' Eyes Only"—as opposed to the "CONFIDENTIAL" designation that will govern the

bulk of the documents that fall within the provisions of the protective order—it is reasonable for Medwiz to have a potential concern about sharing such materials with in-house counsel.  At the same time, Medwiz is clearly signaling the possibility that after meeting and conferring about these issues should they arise, Medwiz may not object to having documents shared with in-house counsel under the appropriate circumstances.  A more nuanced and particularized consideration of individual documents or categories or documents, and the scope of the disclosure of such documents, is warranted for materials designated as "For Attorneys' or Experts' Eyes Only," and thus the meet-and-confer requirement will be included as part of the protective order.

If, as discovery progresses, the meet and confer procedure for documents designated as "For Attorneys' or Experts' Eyes Only" proves to be unduly time consuming or administratively unworkable, the parties may revisit the issue with the Court.  At this stage, however, the meet and confer approach recommended by Medwiz for consideration of in-house counsel access to documents designated as "For Attorneys' or Experts' Eyes Only" must be incorporated into the proposed protective order as follows:

- Paragraph 8(f) must be revised so that the penultimate sentence reads: "Prior to disclosure, the parties shall meet and confer to determine whether they will agree to the designation, and to address whether the documents can be shared with in-house counsel for the receiving parties."

- Paragraph 8(f) also must be revised so that the final sentence reads: "If the parties cannot agree as to the designation or as to whether the documents can be shared with in-house counsel, the parties may seek resolution by the Court."

- Paragraph 8(f)(a)(i) must be revised to read: "Counsel for the party and their respective staff"

* * * * * * * * * *

For the reasons set forth above, Sandoz's motion for entry of a protective order is GRANTED IN PART AND DENIED IN PART.  Counsel for Sandoz is directed to revise the proposed protective order at ECF No. 42-1 in accordance with this Order; the parties should then sign the proposed protective order and re-file the fully executed proposed order via ECF for the Court's review and signature.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 41.

Dated: May 31, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge