**Linda Wong, Esq.**
**Wong Fleming, P.C.**
**821 Alexander Road, Suite 200**
**Princeton, NJ 08540**
**Telephone: (609) 951-9520**
**Facsimile: (609) 951-0270**
**E-mail: lwong@wongfleming.com**
*Attorneys for Plaintiff Sandoz Inc.*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SANDOZ INC.,** | **CIVIL ACTION NO. 7:20-cv-06943-NSR** |
| Plaintiff, | |
| vs. | |
| **MEDWIZ SOLUTIONS, LLC, BLANCHE REISS, BATYA GORELICK, AND UNKNOWN MEMBERS OF MEDWIZ SOLUTIONS, LLC 1-10,** | **PROTECTIVE ORDER** |
| Defendants, | |
| **MEDWIZ SOLUTIONS, LLC, BLANCHE REISS AND BATYA GORELICK,** | |
| Third-Party Plaintiffs, | |
| vs. | |
| **FEDEX SUPPLY CHAIN, INC. F/K/A GENCO DISTRIBUTION SYSTEM, INC.,** | |
| Third-Party Defendant. | |

WHEREAS, Plaintiff Sandoz Inc., Defendants/Third-Party Plaintiffs Medwiz Solutions, LLC, Blanche Reiss and Batya Gorelick, and Third-Party Defendant Fedex Supply Chain, Inc. f/k/a Genco Distribution System, Inc. have agreed that certain information produced in this

litigation is confidential and should be afforded certain protection from disclosure, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. A non-party that responds to any discovery request or otherwise participates in this action may avail itself of, and agree to be bound by, the terms and conditions of this Protective Order.

3. Any non-party responding to discovery requests or providing materials in connection with this action may designate its responses to discovery requests or material provided in connection with this action, in whole or in part, as confidential if the non-party determines, in good faith, that such designation is necessary to protect its interest in Confidential Information. Information and documents designated by a non-party as confidential will be stamped "CONFIDENTIAL."

4. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. Any party or non-party who or which has designated material as confidential may change or remove that designation by notifying all counsel of record in this action in writing.

6. A party may challenge the designation of confidentiality by another party or a non-party within 21 days of receipt of materials so designated. To challenge a designation of confidentiality, the challenging party shall give notice by written communication of its challenge to counsel for the challenged party or non-party, specifying Bates number(s) or other form of identification with the specific reasons that the challenging party believes the materials should not be subject to a designation of confidentiality.

7. In the event a party challenges a designation of confidentiality, counsel for the challenging party and the challenged party and/or non-party shall make a good faith effort to resolve the dispute by meeting and conferring regarding the dispute within 10 days of receipt of the written notice by the challenged party or non-party of the challenging party's objection. In the absence of a resolution between the challenging party and the challenged party and/or non-party, the challenging party may seek resolution by the Court. Until the challenging party and the challenged party and/or non-party or the Court resolves a challenge to the designation of confidentiality, the asserted confidentiality designation shall remain in full force and effect. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel and in-house counsel assigned to and necessary to assist in the litigation;

c. Witnesses in this litigation, including any individuals who are being deposed or may provide testimony in this action;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

f. If a party believes any production requires a designation of "For Attorneys' or Experts' Eyes Only" that party shall advise the party to which the disclosure is to be directed, that certain documents require such designation. Prior to disclosure, the parties shall meet and confer to determine whether they will agree to the designation, and to address whether the documents can be shared with in-house counsel for the receiving parties. If the parties cannot agree as to the designation or as to whether the documents can be shared with in-house counsel, the parties may seek resolution by the Court.

    a. If a document is designated "For Attorneys' or Experts' Eyes Only," the document may be disclosed to:

        i. Counsel for the party and their respective staff;

        ii. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

        iii. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

9. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, except that in the event a party receives a subpoena for such information, it shall provide the other party with reasonable notice of the subpoena, such that the party may choose to oppose the subpoena.

SO STIPULATED AND AGREED.

Dated: __June 2_____, 2022    White Plains, New York

_/s/ Linda Wong_____
Counsel for Plaintiff Sandoz Inc.

_/s/ A.J. Barbarito_____
Counsel for Defendants/Third-Party Plaintiffs Medwiz Solutions, LLC,
Blanche Reiss and Batya Gorelick

_/s/ Floyd Cottrell_____
Counsel for Third-Party Defendants Fedex Supply Chain, Inc. f/k/a
Genco Distribution System, Inc.

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge
Dated: June 3, 2022

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Sandoz Inc. v. Medwiz Solutions, LLC, Blanche Reiss and Batya Gorelick</u>, Civil Action No. 7:20-cv-6943 (NSR)(AEK) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____

Dated: _____, 20__

_____
Name (printed)

Signed in the presence of:

_____
(Attorney)

_____
 Signature